**Kenneth C. RHODES and Charlene T. Rhodes, His Wife, Plaintiffs-Respondents,**

v.

**Albert TANNER and Geri Tanner, His Wife, Defendants-Appellants.**

**No. KCD 30290.**

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1979.

---

1. This case was decided by the trial court prior to the decision in *Fields v. State,* 572 S.W.2d 477 (Mo.banc 1978).

John A. Sanders, Clinton, for defendants-appellants.

Belisle & Baker, John M. Belisle, J. D. Baker, Osceola, for plaintiffs-respondents.

Before WASSERSTROM, C. J., Presiding, and WELBORN and MURPHY, Special Judges.

ROBERT R. WELBORN, Special Judge.

Injunctive proceeding to enforce real estate subdivision restrictions. Trial court found for plaintiffs.

R L C Investments, Inc., was the owner of a 1500-acre tract of land, located three miles north of Warsaw, Missouri, fronting on U.S. Highway 65. On October 25, 1972, R L C filed a plat of the area in the Benton County Recorder's office, showing the subdivision of the tract into some 146 lots, to be known as "Cedargate." The plat showed roads in the subdivision, described as 60 feet in width. It also showed a lake. The plat recited that "all roads and lake plus 30 feet horizontally from water line are dedicated to use of the owners."

On December 29, 1972, R L C filed "Protective Covenants" for Cedargate. Among the covenants were the following:

"2. All lots are hereby subject to an easement for ingress and egress over all the roads, streets and drives shown on the plat of CEDARGATE.

"3. All lots are hereby granted an easement for ingress and egress over all of the roads, streets and drives shown on the plat of CEDARGATE.

"13. No sheep, swine, goats or poultry shall be raised, bred, or kept upon any lot. Dogs, cats, or other household pets may be kept provided they are not kept, bred, or maintained for any commercial purposes."

On January 1, 1973, plaintiffs-respondents Kenneth C. Rhodes and Charlene T. Rhodes, his wife, purchased Lot 8 of Cedargate. Apparently, however, demand for Cedargate lots was not great. As of February, 1976, 13 lots had been sold. Beginning in 1974, a portion of the subdivision had been leased for a cattle operation.

On February 4, 1976, R L C sold all of the unsold lots in the subdivision to defendants-appellants Albert Tanner and Geri Tanner, his wife. Tanner purchased the property for the purpose of using it as a cattle ranch. Following the purchase, he built permanent fences around the land owned by him and kept several hundred cattle on the land.

In constructing the fences, Tanner placed gates across the roads in the subdivision which had been laid out and graveled.

On September 12, 1977, the Rhodeses filed action for a mandatory injunction, complaining that the Tanners had erected gates and fences on the subdivision roads and that they had converted the property to agricultural purposes and were running cattle in the subdivision.

At a trial, Tanner admitted that he had constructed gates across the subdivision roads. The trial court rejected plaintiffs' complaint about using the land for a cattle operation, noting that, although the restrictions limited the keeping and raising of certain animals, cattle were not mentioned. Plaintiffs do not complain of the trial court's construction of the restrictions in this regard.

The court made a "Judgment Entry" on April 21, 1978, in which it found that defendants had erected "certain barriers, gates, and fences in and upon and across [the] dedicated streets in [the] subdivision." Defendants were directed to remove "any and all fences, gates or other obstructions in and upon the dedicated roads on said subdivision including the area around [the] lake * * *." Defendants appeal.

In this court, appellants first contend that the trial court's decree, captioned "Judgment Entry," was not responsive to plaintiffs' petition which prayed for a mandatory injunction. Regardless of the caption of the court's decree, it is a mandatory

injunction in that it directs appellants to remove the obstructions they have placed upon the roads. There is no merit to this complaint.

■ Appellants' second point complains that the trial court's findings "did not reflect that appellants had erected any barriers, gates or fences in violation of any protective covenants of Cedargate Subdivision." The court found that all roads in the subdivision had been dedicated to the use of the property owners and that appellants had erected barriers on such roads. That is a finding of violation of the protective covenants. Appellants' argument is premised on the theory that landowners obtained only the right of access to their lots. Clearly the plat and the covenants extended to all lot owners the right recognized by the trial court.

■ Appellants next contend that respondents had waived or were estopped from claiming benefit of the restrictive covenants. The argument in support of this point is based upon the evidence showing that "the premises of the subdivision had been used for pasturing cattle extensively prior to and subsequent to appellants' acquisition * * *" of the property owned by them. The argument does not attempt to demonstrate that such activity would give rise to estoppel against or waiver by respondents of their right to enforce the covenants insofar as the roads were concerned. Appellants were not enjoined from conducting a cattle operation.

■ Appellants next contend that the trial court erred in considering the plat of Cedargate as evidence because it was not shown to have been prepared in accordance with Section 60.150, RSMo 1969. Section 60.150 provides:

"No survey or resurvey, hereafter made by any person, except that of the county surveyor or his deputy, shall be considered legal evidence in any court in this state, except such surveys as are made by the authority of the United States or by mutual consent of the parties."

■ Appellants made no objection to the plat when it was placed in evidence at the trial. The absence of objection precludes appellate relief on this ground. In any event, the statute relied upon does not render inadmissible in evidence surveys made by private persons. *Chostner v. Schrock*, 64 S.W.2d 664, 666[5–7] (Mo.1933). The exact location of the land was not an issue here.

■ Appellants finally complain that injunctive relief should have been denied because respondents had an adequate remedy at law by way of monetary damages. Respondents had the right to injunctive relief to prevent violation of the covenants without regard to the damages sustained by them. *Greenberg v. Koslow*, 475 S.W.2d 434, 437[5, 6] (Mo.App.1971).

Judgment affirmed.

All concur.